IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REV. KENNETH M. FERRIER, | ) | CV. NO. 10-00123 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | CONCORDIA PLAN SERVICES' |
| vs. | ) | MOTION TO LIMIT DISCOVERY |
| | ) | |
| CONCORDIA PLAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT CONCORDIA PLAN SERVICES'
MOTION TO LIMIT DISCOVERY

Before the Court is Defendant Concordia Plan Services' ("Defendant") Motion to Limit Discovery. (Doc. # 19.) The Court heard the motion on October 4, 2010. After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion to Limit Discovery is GRANTED. Accordingly, discovery is limited to the administrative record. Plaintiff Rev. Kenneth Ferrier's ("Plaintiff") request for attorney's fees for time spent responding to Defendant's discovery requests is DENIED WITHOUT PREJUDICE.

This matter arises out of a dispute over payment of disability benefits under the Concordia Disability and Survivor Plan (the "Plan"). (Mem. in Supp. of Mot. at 1.) The Lutheran Church–Missouri Synod (the "Synod") established the

Plan for its workers and controlled organizations and made the provisions of the Plan "available to its member congregations and to other affiliated agencies . . . ." (Mot. Ex. A at 3.) Member congregations that adopt the Plan provide its ministers and other employees with disability benefits under the Plan. (Mem. in Supp. of Mot. at 1-2.) Such member congregations pay contributions to the Plan which are committed in trust to the Board of Trustees (the "Board") and held as a trust fund under the Plan. (Mot. Ex. A § 11.1.) The Plan vests the Board with "the power to administer the [P]lan and to administer and invest the trust fund and . . . all general and incidental powers and duties appropriate for the performance of such functions . . . ." (Id. § 10.6.) The Plan provides that the Board "may delegate the power to administer the [P]lan (but not the trust fund) to [Defendant], a nonprofit corporation established by the Synod for this purpose . . . ." (Id.) Under the Plan, the "Board, and any administrative staff authorized by the Board to administer the [P]lan, shall have the power and authority to promulgate rules and regulations, not inconsistent with the [P]lan, . . . and by its rules and regulations to construe and interpret the provisions of the [P]lan to resolve any ambiguity or supply any omission or reconcile any inconsistencies . . . ." (Id. § 10.11.) The Plan also provides that the Board "may, at its discretion, employ a benefit administrator to administer and manage the disability benefits of the [P]lan, including, but not

2

limited to, determining the initial and ongoing approval of a member's disability benefits . . . ." (Id. § 4.11.) On January 1, 2008, Defendant entered into a contract with Liberty Life Assurance Company of Boston ("Liberty Mutual") to provide third-party administration services with respect to the Plan. (Stone Decl. ¶ 3.)

The Board delegates its authority to resolve appeals relative to administration of the Plan to the Appeals Review Committee of Concordia Plan Services (the "ARC"). (Mot. Ex. C § 1.0.) The ARC "determine[s] all questions with respect to the individual rights of the employers, members, or a member's dependents under the Plan[ ], including, but not limited to, all issues with respect to any employer's or person's eligibility for membership, eligibility for benefits, amount of benefits, etc." (Id. § 3.2.) The ARC's determinations as to any such questions are "final and conclusive subject to the Synodical Dispute Resolution Section of the Handbook of the Synod." (Id. § 4.0.) In addition, the ARC has "discretionary authority to interpret [P]lan provisions that may be unclear or ambiguous in any particular circumstance." (Mot. Ex. A § 10.12.)

Prior to his alleged disability, Plaintiff was employed as a minister by member congregations that adopted the Plan. (See Stone Decl. ¶ 2.) On February 12, 2008, Plaintiff filed a claim for short term disability ("STD") benefits under the Plan. (Compl. ¶ 5; Mem. in Supp. of Mot. at 5.) Plaintiff's STD benefits

claim was approved on February 19, 2008.  (Compl. ¶ 6.)  In June 2008, Plaintiff was notified that his STD benefits claim would transition to a long term disability ("LTD") benefits claim after it was approved.  (Id. ¶ 7.)  On September 25, 2008, Liberty Mutual denied Plaintiff's LTD benefits claim, effective August 18, 2008, because he allegedly failed to meet the Plan's definition of "disability."  (Id. ¶ 8.)  Plaintiff appealed Liberty Mutual's denial of his LTD benefits claim in November 2008.  (Id. ¶ 9; Mem. in Supp. of Mot. at 7.)  On December 24, 2008, Liberty Mutual informed Plaintiff that the denial of his LTD benefits claim was upheld.  (Compl. ¶ 10; Mem. in Supp. of Mot. at 8.)  Plaintiff again appealed Liberty Mutual's denial of his LTD benefits claim.  (Compl. ¶ 11; Mem. in Supp. of Mot. at 8.)  On May 19, 2009, Liberty Mutual informed Plaintiff that the decision to deny his LTD benefits claim was reaffirmed.  (Compl. ¶ 12; Mem. in Supp. of Mot. at 9.)  Plaintiff appealed to the ARC in July 2009.  (Compl. ¶ 13; Mem. in Supp. of Mot. at 9.)  The ARC denied Plaintiff's appeal on August 26, 2009.  (Compl. ¶ 14; Mem. in Supp. of Mot. at 10.)

On January 13, 2010, Plaintiff filed a complaint in the Circuit Court of the Third Circuit, State of Hawaii ("state court"), asserting that Defendant breached its contract by denying his claim for LTD benefits.  (Compl. ¶ 3.) Defendant removed the action from state court to this Court on March 5, 2010.

(Doc. # 1.)  On June 18, 2008, Defendant sent a disk containing the administrative record to Plaintiff's counsel.  (Holden Decl. ¶ 13.)  The administrative record includes all of the medical information that was submitted to Defendant and Liberty Mutual, reports of consulting physicians, and statements from Plaintiff.  (Id.)  On July 8, 2010, Defendant served Plaintiff a Request for Answers to Interrogatories and a Request for Production of Document.  (Mem. in Supp. of Mot. at 11.)  Plaintiff served Defendant with similar requests on July 21, 2010.  (Id. at 11-12.)

On August 23, 2010, Defendant filed the instant motion requesting the Court to limit discovery to the administrative record.  (Mot. at 1.)  Defendant contends that the Plan is a trust and that trust law applies.  (Mem. in Supp. of Mot. at 13-14.)  Defendant argues that as such, ERISA law, which is based on trust law, is instructive in determining the standard of review.  (Id. at 15-17.)  Defendant argues that under ERISA law, where a plan confers discretionary authority to the plan administrator, the applicable standard of review is the abuse of discretion standard.  (Id.)  Defendant argues that because here, the Plan provides Defendant with discretionary authority in making benefits determinations, the abuse of discretion standard applies.  (Id. at 17-18.)  Defendant argues that under the abuse of discretion standard, discovery should be limited to the administrative record as it

includes all of the evidence that served as the basis for the denial of Plaintiff's LTD benefits claim.  (Id. at 18-20.)

Plaintiff does not dispute that the Plan is a trust.  (Opp'n at 2, 6.)  Plaintiff also does not dispute that trust law applies and that the applicable standard of review is the abuse of discretion standard.  (Id.)  Plaintiff, however, argues that trust law allows for a plenary proceeding rather than a records review.  (Id. at 2, 3, 5.)  In addition, Plaintiff argues that Defendant's reliance on ERISA law is misplaced given that church plans are exempt from ERISA absent an election made pursuant to 26 U.S.C. § 410(d).  (Id. at 5-6 (citation omitted).)  Plaintiff argues that even if ERISA principles apply, discovery outside of the administrative record should be allowed because there is a structural conflict of interest.  (Id. at 9-11.)  Specifically, Plaintiff argues that because Defendant serves as both the administrator and payor of benefits, discovery is necessary to determine whether Defendant's status as both had any effect on the decision-making process.  (Id.)  Lastly, Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 1927 for time spent responding to Defendant's discovery requests, which it now seeks to withdraw.  (Id. at 11-13.)

As set forth above, the Plan confers upon Defendant discretionary authority to make benefits determinations.  Plaintiff does not dispute that the

Court's review is limited to whether Defendant abused its discretion in denying Plaintiff's LTD benefits claim.  Given that the applicable standard of review is the abuse of discretion standard, the Court concludes that limiting discovery to the administrative record is appropriate.  The administrative record includes all of the evidence which served as the basis for the denial of Plaintiff's LTD benefits claim.  There is no claim by Plaintiff that Defendant abused its discretion by failing to consider evidence outside of the administrative record.  Furthermore, the Court is unconvinced that a structural conflict of interest exists.  Defendant administers the Plan; however, member congregations fund the Plan and Liberty Mutual makes benefits payments. (Reply at 10.)  Defendant therefore appears to have no financial incentive to deny a claim.  Based on the foregoing, Defendant's motion to limit discovery to the administrative record is GRANTED.

Plaintiff requests attorney's fees pursuant to 28 U.S.C. § 1927 for time spent responding to Defendant's discovery requests. (Opp'n at 11-13.) Section 1927 provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally and excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Imposition of attorney's fees under this section may be made only upon a finding that the attorney acted "recklessly or

in bad faith." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 638 (9th Cir. 1987) (citation and quotations omitted).  In this case, there is no indication that defense counsel acted recklessly or in bad faith.  The Court therefore declines to award attorney's fees to Plaintiff at this time.  Accordingly, Plaintiff's request for attorney's fees is DENIED WITHOUT PREJUDICE.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, October 22, 2010.



       /S/ Barry M. Kurren
       Barry M. Kurren
       United States Magistrate Judge

Rev. Kenneth M. Ferrier v. Concordia Plan Services; CV. NO. 10-00123 BMK; ORDER GRANTING DEFENDANT CONCORDIA PLAN SERVICES' MOTION TO LIMIT DISCOVERY.